### EMANUEL WILCOX & others *vs.* SARAH B. WATERMAN.

Conversations had between a grantor and his agent for making the sale, after the delivery of the deed and the payment of the purchase money, are inadmissible as against the grantee to prove that the agent had no authority to deliver the deed.

WRIT OF ENTRY to recover three undivided tenth parts of land in Fall River. The tenant pleaded the general issue and claimed title in the demanded premises.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the premises had belonged to the heirs of one John B. Wilcox; that the demandants were some of these heirs; that it was agreed by the heirs that one Osborn should take charge of the premises, sell them, and divide the proceeds among the heirs; that in pursuance of this authority Osborn caused the premises to be sold at public auction October 30, 1869, to one Sherman, and procured a deed of the same to be prepared, which was executed, within a short time of the sale, by the demandants, and by others of the heirs a short time before its delivery to Sherman, which was not till October 4, 1871 — the deed having been a part of the intervening time in the hands of the scrivener who wrote it, and the remainder of the time in the hands of Osborn; that at the time of its delivery to Sherman, he, Sherman, executed and delivered another deed of the premises to the tenant.

The demandants claimed that Osborn had no authority to deliver the deed to Sherman at the time it was delivered, and, as tending to show this, offered in evidence a conversation between Osborn and Alexander Wilcox, one of the demandants, when

Osborn came to Wilcox to offer to pay him his share of the proceeds of the sale. This conversation took place a few days after the delivery of the deed to Sherman, and the court declined to admit it. The jury returned a verdict for the tenant, and the demandants excepted.

*J. M. Morton, Jr.*, for the demandants.

*E. H. Bennett & H. J. Fuller*, for the tenant, were not called upon.

BY THE COURT. The conversation between one of the grantors and Osborn, after the deed had been delivered to the grantee and the purchase money paid by him, are not admissible against him to show that Osborn had no authority to deliver the deed.

*Exceptions overruled.*