ENGLAND BROTHERS, INC. *vs.* ELIZABETH C. T. MILLER.

Berkshire.    September 16, 1930. — January 20, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Agency*, Existence of relation, Scope of authority. *Evidence*, Relevancy, Of state of mind, Of agency. *Practice, Civil*, Exceptions.

At the trial of an action of contract for an instalment alleged to be due according to the provisions of a contract in writing of conditional sale of a piano, it appeared that the contract purported to be signed for the defendant by a woman. There was evidence that a salesman of the plaintiff in an interview with the defendant stated that he came to see her respecting a piano he had been talking about with the woman, and that the defendant said to him, "Oh, yes. I would like . . . [the woman] to make the arrangements for that piano. . . . She knows what we want." *Held*, that such evidence warranted findings that the woman had authority from the defendant to make "arrangements" to purchase a piano, using the usual and appropriate means to that end, which included the execution of the contract of conditional sale in the defendant's behalf.

At the trial of the action above described, it was proper to permit the plaintiff's salesman to be asked, "Were you relying upon the credit of . . . [the defendant] or . . . [the woman] in selling this piano?" and to answer that he relied on the defendant's credit, such evidence being admissible on the question, whether the woman had apparent authority to act for the defendant, since the defendant would be bound by his representation that the woman had authority only if the plaintiff relied on such representation.

The mere fact that such reliance by the plaintiff might have been inferred from conduct of the parties shown by other evidence did not make inadmissible the direct evidence of reliance above described.

At the trial of the action above described, it was error to exclude evidence, offered by the defendant, that a witness called by the defendant would testify that later in the day on which the plaintiff's salesman talked with the defendant and previous to the making of the contract of conditional sale, the witness heard a conversation be-

tween the defendant and the woman, the salesman not being present, in which the defendant said, "You can't buy any piano and bring it up here. We haven't any power to run it. We have got two pianos. We don't want any more pianos up here," such evidence being admissible on the question, whether the woman had actual authority to act for the defendant.

It not appearing whether a verdict returned for the plaintiff at the trial above described was based on a finding of actual or on a finding of apparent authority, such error was harmful to the defendant.

CONTRACT for an instalment alleged to be due under a contract of conditional sale of a piano. Writ in the District Court of Central Berkshire dated December 27, 1929.

On removal to the Superior Court, the action was tried before *Burns*, J. Material facts and evidence are described in the opinion. The judge denied a motion by the defendant that a verdict be ordered in her favor. The jury found for the plaintiff in the sum of $510.75. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

FIELD, J. This is an action of contract to collect the first instalment of the purchase price of a piano, alleged to have been sold by the plaintiff to the defendant. There was a verdict for the plaintiff. A written instrument, dated November 5, 1929, was put in evidence purporting to be signed in behalf of the defendant by one Blanch C. Tanner, whereby the defendant ordered a piano and agreed to pay therefor "the sum of $3775.00 as follows — $500.00 December 23rd, 1929 and $500.00 each month until paid," with interest at one half of one per cent per month, title to remain in the plaintiff until the purchase price was paid in full. The piano was delivered at the defendant's house on November 20, 1929. The only matter in controversy is the power of Blanch C. Tanner to bind the defendant by such an agreement. The defendant excepted to the denial of her motion for a directed verdict, and to the exclusion of evidence offered by her and the admission of evidence offered by the plaintiff.

1. The motion for a directed verdict was denied rightly.

A salesman for the plaintiff testified that he called at the defendant's summer home in Windsor on November 4, 1929, told her that he was "representing" the plaintiff and said, "I came to see you in regard to the electric duo-art piano that I talked with Mrs. Tanner about for your house," and the defendant replied, "Oh, yes. I would like Mrs. Tanner to make the arrangements for that piano, but she is in Pittsfield this morning. If you will wait a while she will be back and you can see her personally," and that, thereafter, he saw Mrs. Tanner and obtained the order for the piano. On further examination the salesman testified that the defendant said, "I would like Mrs. Tanner to make the arrangements for the piano. She knows what we want." The defendant testified that the salesman replied in the negative to her inquiry whether he had "come to tune the pianos," but her account of the conversation with the salesman differed materially from his account.

The evidence warranted a finding that the defendant represented to the plaintiff's salesman that Blanch C. Tanner was authorized in her behalf to "make . . . arrangements" with him for a piano for the defendant's house and the inference therefrom that Mrs. Tanner had actual, or at least apparent, authority to "make" such "arrangements" in behalf of the defendant. Even if Mrs. Tanner's authority was apparent only, the defendant would be bound by the "arrangements" made by her. *Taft* v. *Baker,* 100 Mass. 68, 74. *Malaguti* v. *Rosen,* 262 Mass. 555, 563. The jury could have found that in the circumstances disclosed by the evidence authority to "make" such "arrangements" with a piano salesman included authority to purchase a piano, using the "usual and appropriate means to accomplish that result." *Sears* v. *Corr Manuf. Co.* 242 Mass. 395, 400. See *Sprague* v. *Gillett,* 9 Met. 91, 92. They could have found, also, that a contract for the purchase of a piano on the credit of the defendant was a "usual and appropriate means" of making such purchase, even though in this case, unlike *Sprague* v. *Gillett, supra* (see also *Taft* v. *Baker,* 100 Mass.

68, 75), there was no evidence that the principal did not furnish the agent with funds with which to make the purchase for cash. See *Taber* v. *Cannon,* 8 Met. 456, 458; *Cummings* v. *Sargent,* 9 Met. 172; *Temple* v. *Pomroy,* 4 Gray, 128, 132. Nor were the provisions for instalment payments and retention of title as security necessarily unusual or inappropriate. Authority in an agent to bind the principal to pay for goods purchased may be ·more readily implied than authority to borrow money on his credit or give negotiable paper in his name. See *Temple* v. *Pomroy,* 4 Gray, 128; *Williams* v. *Dugan,* 217 Mass. 526.

2. The plaintiff's salesman, testifying as a witness for the plaintiff, subject to the defendant's exception, was asked, "Were you relying upon the credit of Mrs. Miller or Mrs. Tanner in selling this piano?" and answered, "Mrs. Miller." This testimony was admitted rightly. It was material on the question whether Mrs. Tanner had apparent authority to act for the defendant. If the jury found that Mrs. Tanner had no authority in fact, the defendant would be bound by her representation that Mrs. Tanner had authority only if this representation was relied on by the plaintiff. *Bickford* v. *Menier,* 107 N. Y. 490. Mechem on Agency, (2d ed.) §§ 722–724. Testimony as to such reliance, though an undisclosed mental state, was admissible. *Crawford* v. *Moran,* 168 Mass. 446, 449. *Blaney* v. *Rogers,* 174 Mass. 277. *Anastas* v. *Koliopoulos,* 222 Mass. 267, 270. *Bradley* v. *Meltzer,* 245 Mass. 41, is distinguishable since the reliance there sought to be proved was not material on any issue in the case. The fact that here reliance could have been inferred from the conduct of the parties does not make direct evidence thereof inadmissible.

3. The defendant offered to prove that a witness called by her would testify that later in the day on which the plaintiff's salesman talked with the defendant the witness heard a conversation,· between the defendant and Mrs. Tanner — the salesman not being present — in which the defendant said, "You can't buy any piano and bring

it up here. We haven't any power to run it. We have got two pianos. We don't want any more pianos up here." This offer of proof was excluded, subject to the defendant's exception. The exclusion was error. The evidence offered bore upon the issue of actual agency as it tended to show that, in fact, Mrs. Tanner had no authority to purchase a piano for the defendant, though it would not touch the matter of Mrs. Tanner's apparent authority. See *Taft* v. *Baker, supra.* According to the offer of proof this conversation took place before the contract sued on was entered into, so that it could have affected the right of Mrs. Tanner to act for the defendant. In this respect the case differs from *Wilcox* v. *Waterman,* 113 Mass. 296. We cannot say that the jury did not find for the plaintiff on the ground that Mrs. Tanner had actual authority to act for the defendant. Indeed the judge's charge indicates that the case was submitted to them on that issue. The exclusion, therefore, may have been harmful. It follows that the first and second exceptions herein considered must be overruled and the third exception sustained.

*Exceptions sustained.*