ENGLAND BROTHERS, INC. *vs.* ELIZABETH C. T. MILLER.

Berkshire.    September 15, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Contract,* What constitutes, Rescission, Modification.

In an action on a contract in writing for the sale of a piano by the plaintiff to the defendant, there was evidence that the contract was signed in behalf of the defendant by one who had authority to bind him thereby; that, after its execution, the defendant's agent requested certain changes therein; that a new contract containing different terms thereupon was prepared by the plaintiff and given to the agent to be executed by the defendant in person; and that the new contract never was signed by either plaintiff or defendant. There was no evidence that the original contract was not to become binding upon the defendant until ratified and approved by him. *Held,* that

(1) It was proper to refuse a ruling requested by the defendant that, if the terms of the original contract were not ratified and approved by the defendant and were unsatisfactory to him and "thereupon arrangements were made, embodied in" the new contract, which was forwarded to the defendant and "never signed or returned by . . . [him], this worked an abandonment and rescission of the contract": if the original contract bound the defendant, which the jury were warranted in finding, subsequent negotiations touching a change in its terms, which came to naught, did not change or modify its force and effect;

(2) A verdict for the plaintiff was warranted.

CONTRACT. Writ in the District Court of Central Berkshire dated December 27, 1929.

The action was removed to the Superior Court.

The action previously was before this court, after a trial and verdict for the plaintiff, upon exceptions by the defendant, one of which, in a decision reported in 274 Mass. 239, was sustained. Material evidence at the second trial of the action before *W. A. Burns*, J., and a ruling requested by the defendant and refused by the judge are stated in the opinion. There was a verdict for the plaintiff in the sum of $540.62. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*F. M. Myers*, for the plaintiff.

RUGG, C.J. This is an action on a written contract for the purchase of a piano, signed in behalf of the defendant by an alleged agent. There was evidence sufficient to warrant a finding that the one signing the contract for the defendant had real or ostensible authority to bind the defendant by the contract. That was decided when the case was here at an earlier stage. 274 Mass. 239. In addition to evidence as to the authority of the alleged agent of the defendant, the same in substance as that adduced at the earlier trial, there was also testimony at the trial now under review to the effect that, subsequent to the signing of the contract and at or about the time of the delivery of the piano, the alleged agent of the defendant said to the agent of the plaintiff that a change was desired in the contract so as to make the terms of payment easier. In compliance with that request, a new contract, different from the one already signed by the alleged agent of the defendant, was prepared by the plaintiff, to be executed by the defendant in person, and was handed to her alleged agent to be sent to her for signature. It never was signed by either party. In this state of the evidence, the defendant requested a ruling to the effect that, if the terms of the contract signed by the alleged agent of the defendant were not ratified and approved by her and were unsatisfactory to her and "thereupon arrangements were made, embodied in a contract prepared by" the plaintiff, for the purchase of the piano in question and forwarded to the defendant and "never signed or returned by her, this worked

an abandonment and rescission of the contract" and the plaintiff cannot recover.

There was no error in the denial of this request. It proceeds on the assumption that the contract in suit was not to become binding upon the defendant until ratified and approved by her. There was no evidence to that effect. The whole case turned on the point whether the alleged agent of the defendant had real or apparent authority to sign the contract. If such authority was found to exist, the defendant was bound; otherwise, not. If the contract bound the defendant, subsequent negotiations touching a change in the terms of payment, which came to naught, did not change or modify its force and effect.

*Exceptions overruled.*