VASEN MANUFACTURING CO. INC. *vs.* JACOB SLATE.

Norfolk.     March 6, 1933. — May 24, 1934.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract,* What constitutes, Construction, Modification.     *Evidence,* Extrinsic affecting writings.     *Words,* "Acknowledgement."

At the hearing of an action of contract for the purchase price of merchandise, it appeared that the defendant at Quincy in this Commonwealth on April 5 sent to the plaintiff at Davenport in the State of Iowa an order in writing to "manufacture and ship . . . at once" certain merchandise at a stated price, the order containing the words "Less 5% 10 Days   F. O. B. Quincy, Mass." and the words "Ship

by: Freight Parcel Post," without designation as to which method of shipment was desired, and also the provision: "It is agreed that . . . this contract is not subject to countermand or reduction in quantity. No verbal agreement not stated in writing will be binding by either party. This order shall be valid only when accepted by" the plaintiff "and acknowledgement mailed." The order was received on or about April 7, and the plaintiff mailed to the defendant a paper headed "Acknowledgement of your order," which was received by the defendant after April 9, contained a description of the merchandise as to quantity, character, and price precisely as stated in the offer, statements, "Freight allowed 5% 10 days," and that the merchandise was "sold to" the defendant, and an expression of thanks to the defendant for the offer which "will receive our prompt attention"; it also contained the following: "Read over Carefully and if corrections are necessary, make them and mail to us Immediately so that there may be no errors in the execution of the order as intended by you. Not hearing from you by return mail the above copy will be considered correct and the order completed accordingly." The merchandise was shipped by freight on April 9. On that day the defendant mailed a letter to the plaintiff stating an additional condition of the sale, based on an oral promise by an agent of the plaintiff to the defendant before the order was sent, in substance that, if the plaintiff would buy the merchandise ordered, he would become the exclusive agent for a certain territory, and requesting that the plaintiff "either cancel this order or" by letter agree to the additional condition, to which the plaintiff replied that he was sure his agent would "do as he agreed and you can rest assured that we will at this end of the line." The defendant, however, replied that he felt that the whole matter was misrepresented and that he would not take the merchandise from the railroad unless the plaintiff should notify him of his wish that he do so pending a "further arrangement." There was a finding for the plaintiff. *Held*, that

(1) The defendant's offer was unambiguous and contained all the terms essential to an enforceable contract;

(2) The plaintiff's "acknowledgement" adequately expressed his intention to be bound by the terms of the defendant's offer: it did not give to the defendant an opportunity to add to the terms which he had himself proposed an additional term based on the oral promise by the plaintiff's agent which was excluded by an explicit provision in the offer;

(3) Oral evidence respecting such oral promise by the plaintiff's agent properly was excluded: it tended to vary the terms of the unambiguous contract made by the offer and the acceptance, and was not evidence of a fraudulent misrepresentation of an existing fact;

(4) The later correspondence did not show a meeting of minds on terms of a modification of the contract;

(5) The finding for the plaintiff was warranted.

CONTRACT. Writ in the District Court of East Norfolk dated April 10, 1929.

In the District Court, the action was heard by *Johnson*, J.
Material evidence is stated in the opinion. The judge found
for the plaintiff in the sum of $244.55 and interest and
reported the action to the Appellate Division for the
Southern District. The report was dismissed. The de-
fendant appealed.

*H. Klein*, for the defendant.

No argument nor brief for the plaintiff.

DONAHUE, J.   The plaintiff seeks to recover the pur-
chase price of merchandise shipped by it on April 9, 1928,
from Davenport, Iowa, to the defendant at Quincy in this
Commonwealth on a written order signed by the defendant
and dated April 5.  The order requested the plaintiff to
"manufacture and ship . . . at once" described mer-
chandise for a stated price.  It contained the following
provisions: "It is agreed that on account of goods being
made special to order this contract is not subject to coun-
termand or reduction in quantity.  No verbal agreement
not stated in writing will be binding by either party.  This
order shall be valid only when accepted by Vasen Manu-
facturing Company, and acknowledgement mailed."  Upon
receipt of the order, apparently on April 7, the plaintiff
mailed to the defendant a paper headed "ACKNOWLEDGE-
MENT OF YOUR ORDER" which was received after April 9.
The paper set forth in substance the terms of the order
received from the defendant and contained the follow-
ing words: "Read over Carefully and if corrections are
necessary, make them and mail to us Immediately so that
there may be no errors in the execution of the order as
intended by you.  Not hearing from you by return mail the
above copy will be considered correct and the order com-
pleted accordingly.  Thanking you for this order which will
receive our prompt attention. . . ."  The order contained
the words "Less 5% 10 Days   F. O. B. Quincy, Mass." and
the words "Ship by:  Freight   Parcel Post," without desig-
nation as to which method of shipment was desired.  The
acknowledgment stated "Freight allowed 5% 10 days."
The merchandise was shipped by freight on April 9.  On
that day the defendant mailed at Quincy a letter to the plain-

tiff stating: "We have placed an order with your Mr. Connelley for 200 hundred cartons of Lindy Airplanes with the understanding that there will be nobody else in the South Shore, Mass. selling or handling same. Later on looking through your duplicate order, we see where it says that no verbal agreement with your salesman will be accepted by you. Therefore either cancel this order or send us a letter stating that we will be the only ones in the South Shore handling this merchandise. Anything you may do in this matter will be very much appreciated." Other correspondence between the parties followed and on April 26 the defendant definitely refused to accept the merchandise. The trial judge in the District Court found for the plaintiff and reported to the Appellate Division his rulings and refusals to rule on requests made by the defendant. The Appellate Division found that there was no prejudicial error in the rulings of the trial judge and ordered the report dismissed.

The order blank which was signed and mailed by the defendant was an unambiguous offer, describing itself as "this contract" and providing that it was not subject to countermand and that any verbal agreement not expressed in writing would not be binding. The offer contained all the terms essential to an enforceable agreement if and when it was accepted by the plaintiff in the manner prescribed, that is, by the plaintiff mailing an acknowledgment. It must be construed as an expression of all the terms which the defendant then desired the proposed contract to contain and of the willingness of the defendant to be bound accordingly as soon as the plaintiff should place in the mails an "acknowledgement." The plaintiff on April 7 did mail to the defendant an "acknowledgement." The answer consists of a general denial, a plea of payment, an allegation of misrepresentations in that the plaintiff "did not comply with its agreement giving the defendant certain exclusive territory for the sale" of its merchandise and a further allegation of a subsequent modification of the written contract. At the trial it was contended by the defendant that the acknowledgment mailed by the plaintiff should be construed as qualified and conditional. Reading the order and acknowl-

edgement together in the light of all the circumstances appearing in evidence we do not reach that conclusion.

The plaintiff's communication, mailed on April 7, was in terms an "Acknowledgement of your order." Its language purported to be an acceptance of the offer: the merchandise, described as to quantity, character and price precisely as stated in the offer,. was stated to be "sold to" the defendant, and the defendant was thanked for the offer which "will receive our prompt attention." It proposed no condition to be added to the terms of the offer. It raised no question as to the meaning of any of the words of the offer. It manifested an intent to enter into the contract which the offer proposed. The reference to corrections, reasonably construed, seems to us to amount to no more than the affording of an opportunity to the defendant to correct any clerical errors in the statement of the quantity or price of the merchandise sold and a chance to have the shipment made otherwise than by freight as the acknowledgement indicated, this being a matter as to which the defendant in its offer had manifested no choice. These are things which do not go to the essence of the contract. The acknowledgement stated no more than conditions which it seems in any event would be implied. There never has been any question between the parties as to these matters. The plain sense of the "acknowledgement" read with the offer is that the plaintiff adequately expressed its intention to be bound by the terms of the offer. It is not a reasonable construction to hold that the defendant was given by the form of the "acknowledgement" the opportunity to add to the terms he had himself proposed a new term based on an alleged oral agreement which was excluded by an explicit provision in the offer.

The record states that the trial judge "refused to admit oral evidence of the complete conversation that took place at the time that the alleged contract was signed by the defendant," and "evidence of the defendant's intention in regard to this order." There was no offer to show what this evidence was to be. The defendant's answers to interrogatories had been put in evidence by the plaintiff. In

response to an interrogatory as to what were the "certain misrepresentations" made by the plaintiff and referred to in the answer, the defendant replied: "If I would buy two hundred boxes, that I would become exclusive agent for the South Shore and further that I would receive said merchandise thirty days before any one else in Massachusetts." In arguing the matter of the exclusion of evidence of the conversation when the "contract" was signed by him, the defendant assumes that the evidence which he wished to introduce was substantially the same as appears in his answer to the interrogatory above set forth. If we make the same assumption we find no error in its exclusion. That evidence was not admissible as a part of the contract which the parties had made because that contract specifically provided that no verbal agreement not expressed in writing would be binding. The statement of the agent was not a fraudulent representation of any existing fact. It was not a statement of the legal effect of the order which was being signed by the defendant. Even if it were such a statement of law it was not in the circumstances here appearing a representation on which the defendant had the right to rely. *Bilafsky* v. *Conveyancers Title Ins. Co.* 192 Mass. 504. Williston, Contracts, § 1495. So far as concerns the written contract, it was no more than an oral agreement of the agent which had no binding effect on the parties because of the contract provision to the contrary. *Colonial Development Corp.* v. *Bragdon*, 219 Mass. 170. *Eastern Advertising Co.* v. *Shapiro*, 263 Mass. 228.

We do not find, in the correspondence between the parties after the defendant's offer had been accepted, evidence which would warrant the finding that they made a modification of or addition to the contract which was earlier made. The plaintiff in reply to the defendant's letter of April 9 wrote "we are very sure . . . [the agent of the plaintiff] will do as he agreed and you can rest assured that we will at this end of the line" and asked for a list of the towns included in the words "South Shore." In reply the defendant wrote that he felt that the whole matter was misrepresented and that he would not take the merchandise from

the railroad unless the plaintiff should notify him of its wish that he do so pending a "further arrangement." Other letters followed but the parties never reached a further agreement; ". . . negotiations . . . which came to naught, did not change or modify" the effect of the contract. *England Brothers, Inc.* v. *Miller*, 277 Mass. 23, 25.

There was no error in the rulings made by the trial judge on the defendant's requests.

*Order dismissing report affirmed.*