CHARLES WILLIAM SAVAGE, JR. *vs.* ALPHA LUNCH COMPANY OF BOSTON.

Suffolk.    May 5, 1938. — June 27, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Sale*, Warranty.

A buyer of food had no cause of action for breach of an implied warranty of its fitness unless he had notified the seller of the breach as required by G. L. (Ter. Ed.) c. 106, § 38.

CONTRACT. Writ in the Superior Court dated October 19, 1934.

A verdict for the defendant was ordered by *Walsh*, J., who reported the case.

*E. McGonagle*, for the plaintiff.

*W. I. Badger, Jr.*, (*John J. Sullivan* with him,) for the defendant.

Cox, J.  This is an action of contract for breach of warranty of fitness of food sold by the defendant to the plaintiff.  At the conclusion of the evidence the judge ordered a verdict for the defendant and reported the case to this court.  The plaintiff became ill after eating the food that he purchased, but it is unnecessary to detail the events prior and subsequent to his illness or to determine whether the evidence would warrant findings that the food was unwholesome and the probable cause of his illness.  See *Monahan* v. *Economy Grocery Stores Corp.* 282 Mass. 548, and cases cited; *Johnson* v. *Kanavos*, 296 Mass. 373, 376; *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245. Even though the jury could have so found, the defendant would not be liable for a breach of warranty of fitness of the food sold, unless the plaintiff gave it notice of the breach within a reasonable time after he knew or ought to have known of it.  G. L. (Ter. Ed.) c. 106, § 38.  *Johnson* v. *Kanavos*, 296 Mass. 373, 376.  *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245.  The report of the judge states that it contains all the evidence material to the question raised by the plaintiff's exception to the directed verdict.  There is nothing in the evidence by way of fact or inference as to any notice.  Notice is not even mentioned.

In accordance with the terms of the report, judgment must be entered for the defendant.

*So ordered.*