ALICE M. TIMMINS *vs.* F. N. JOSLIN COMPANY.

Middlesex.    February 8, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Sale*, Parties, Warranty, Of food. *Agency*, What constitutes, Undisclosed. *Husband and Wife. Food. Notice. Practice, Civil*, Requests, rulings and instructions; Exceptions: whether error harmful.

Evidence that the proprietor of a large department store advertised a sale of groceries at the store and permitted a corporation to operate a grocery department there with no sign or anything to indicate that he did not himself operate the department, warranted a finding that he held himself out as proprietor of the department, that a customer reasonably might so consider, and that under G. L. (Ter. Ed.) c. 106, § 17 (1), he warranted bread there purchased.

It was not error, at the trial of an action by a wife for breach of warranty in the sale of bread, to refuse to rule that she could not recover if it were shown that she purchased the food as agent, where the evidence was merely that she purchased bread with money that her husband gave her as a weekly allowance with which to run the house and with no directions how to use it.

Error in the refusal, by a judge hearing an action without a jury, of a ruling correctly stating an applicable principle of law was harmless where other rulings given showed that the judge in determining the case recognized the truth of the law stated in the ruling refused.

TORT OR CONTRACT.    Writ in the First District Court of Eastern Middlesex dated September 22, 1933.

On removal to the Superior Court, the plaintiff elected to rely on a count in contract for breach of warranty, and *Beaudreau*, J., found for the plaintiff in the sum of $800.

The case was submitted on briefs.

*H. N. Cushing*, for the defendant.

*M. R. Flynn*, for the plaintiff.

LUMMUS, J.    This is an action of contract for breach of warranty in the sale of bread.    There was evidence that the defendant operated a large department store, and let to a corporation called Concessions Development Corporation the privilege of operating a grocery department in the store;

that there was no sign or other indication that the defendant itself did not operate the grocery department; that the defendant published advertisements under its own name, which the plaintiff read, of a sale of groceries; that on February 28, 1933, the plaintiff bought bread at the store with money given her by her husband for domestic use,* took it home, and ate some of it; and that she was hurt by wooden splinters which were in the bread. There was evidence also that on March 1, 1933, the plaintiff's husband went to the grocery counter and saw a man whom he did not know who appeared to be working there and who, he presumed, was in charge, told the man of the plaintiff's injuries, and asked whether the manager was there. He was told to put the notice in writing. On the same day he mailed or delivered a letter, addressed to "Mr. Grant Grocery Dept. Joslin's" (Grant being in fact the manager of the grocery department), telling of the injuries to the plaintiff through eating the bread bought at the store, and adding, "we are holding the evidence both the bread and splinters for proof. Kindly notify your baker who I understand is Paramount Baking Co. Roxbury, Mass. as I am going to enter claim." On March 31, 1933, a physician employed by the defendant examined the plaintiff, and at the trial the attorney for the defendant produced the letter.

The judge, sitting without a jury, found for the plaintiff, subject to the defendant's exceptions to the refusal of certain requests for rulings.

The defendant's request numbered 13 was as follows: "Where the defendant sublets the bakery department of its store and has nothing to do with the operation of said department, and neither buys nor sells the products in that department, it does not make any contract with the plaintiff, who purchases the food in that department, and cannot be held liable for any breach of warranty made by the lessee of said department." This request was properly

---

* The evidence on this matter was that "she was a married woman and kept house for her husband and children who lived with her," that money "was given to her by her husband as a weekly allowance with which to run the house, that the husband gave her no directions how to use the said money or to run the house." — REPORTER.

refused. There was evidence that the defendant had held itself out as the proprietor of that department, and that the plaintiff reasonably might consider that she was buying bread from the defendant. "Knowingly to lead a person reasonably to suppose that you offer and to offer are the same thing." *Brauer* v. *Shaw*, 168 Mass. 198, 200. *Greany* v. *McCormick*, 273 Mass. 250, 253. *Finkelstein* v. *Sneierson*, 273 Mass. 424, 428. *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238, and cases cited. *Tudor Press, Inc.* v. *University Distributing Co.* 292 Mass. 339, 341. It could be found that the defendant warranted the bread under G. L. (Ter. Ed.) c. 106, § 17 (1).

Though it might have been found upon the evidence that the plaintiff bought the bread as agent for her husband and that a warranty ran to him (*Groce* v. *First National Stores Inc.* 268 Mass. 210, 213; *Holt* v. *Mann*, 294 Mass. 21, 24), it might equally well have been found that she was buying it for herself as principal (*Groce* v. *First National Stores Inc.* 268 Mass. 210, 213; *Cleary* v. *First National Stores Inc.* 291 Mass. 172, 175, 176), or that if she bought it as his agent she did not disclose the agency and consequently had a direct contractual relation with the defendant. *Groce* v. *First National Stores Inc.* 268 Mass. 210, 213, 214, which on page 212 explains *Gearing* v. *Berkson*, 223 Mass. 257. The defendant argues as error the refusal of its request numbered 15: "The plaintiff cannot recover on her count in contract if it is shown that she purchased the food product alleged to have caused her injuries as agent." That fact if shown would not be conclusive against her. There was no error in the refusal of the request.

The defendant complains of the refusal of the following requested ruling: "5. The plaintiff cannot recover in contract if she fails to prove that she gave proper and sufficient notice of the alleged breach of warranty within a reasonable time after she knew or ought to have known of the alleged breach." This was good law, and we do not see why the judge refused the ruling. G. L. (Ter. Ed.) c. 106, § 38. *Schuler* v. *Union News Co.* 295 Mass. 350, 354. *Johnson* v. *Kanavos*, 296 Mass. 373, 376. *Guthrie* v. *J. J. New-*

*berry Co.* 297 Mass. 245.   *Savage* v. *Alpha Lunch Co.* 300
Mass. 520.   But rulings which he gave, shown in a
footnote,* make clear that he recognized the truth of the
law stated in request numbered 5, and that the defendant
was not harmed by his failure to give the requested ruling
in terms.   See *Rathgeber* v. *Kelley*, 299 Mass. 444, 446.

The refusal to give the requested ruling numbered 10†
was not error.   It was an abstraction and had no appreciable
bearing upon the result of the case.

The refusal of other requested rulings is not argued.
*Boston* v. *Dolan*, 298 Mass. 346, 355.

*Exceptions overruled.*

---

* "6. The defendant need not plead in its answer that no proper and sufficient notice of the alleged breach of warranty was given within a reasonable time after the plaintiff knew or ought to have known of the alleged defect in order to avail itself of this defense.   7. G. L. c. 106, § 38, is intended for the protection of the seller against belated claims for damages by any purchaser as a result of an alleged breach of warranty.   8. In order for a purchaser to recover for an alleged breach of warranty, her notice to the seller of the alleged breach must fairly advise the seller of the alleged defect, and specify with reasonable particularity in what the breach consists, and must be such a notice as to repel the inference of waiver.   9. In order for a purchaser to recover under an alleged breach of warranty, the notice of the alleged breach must be such that the seller ought to reasonably infer therefrom that the buyer is asserting a violation of her legal rights."

† "10. The evidence as to the circumstances attending the giving of the notice of the alleged breach of warranty to the seller, and when its form and substance is precise, clear and certain in respect to signification, does not require or involve the finding of an inferential fact, and presents to the trial judge only a question of law."