No. 125646 Municipal Suffolk, ss.

BARRON (Nathan Fine)
v. McLELLAN STORES CO. (William Kopano)
ROBBINS (Bertram Sugarman)
v. SAME (William Doyle)

From the Municipal Court of Boston—Brackett, J.
Argued January 20, 1941—Opinion Filed May 9, 1941

CARR, J. (Putnam, C. J. & Riley, J.)—These are actions of tort in which the plaintiffs seek to recover for injuries received as the result of the explosion of a can of beans while on the defendant's premises.

The issue is whether under these circumstances the trial judge was warranted in finding that the defendant was estopped to deny responsibility for its concessionaire and if so, whether he was right in denying the defendant's requests for rulings because of this estoppel.

There is no doubt that it could have been found that the defendant led the plaintiffs to believe that it operated the luncheonette and that in buying their food plaintiffs made an enforcible contract with the defendant and that they were business visitors to the defendant's establishment. *Timmins v. F. N. Joslin Co.,* 303 Mass. 540. In the *Timmins* case there was a concession; there was in fact no agency. The cases in this aspect are the same. There was no question in the *Timmins* case of the ostensible powers of an actual agent. The defendant in that case obviously was estopped to deny agency.

We do not understand that this questioned by the defendant and if material to the decision, it may be considered that the trial judge found such contract. *Adams v. Dick,* 226 Mass. 46, 53. In fact in its brief the defendant admits that if the plaintiffs had eaten contaminated food at the luncheonette, the court would have been warranted in holding that the defendant would be estopped from denying the agency of the employee from whom the food was purchased. Just why the defendant limits the estoppel to this employee and does not extend it to the man who prepared the food or to the luncheonette in general we do not know. The defendant also admits that the plaintiffs could bring an action of contract because of the ostensible agency. Thereby we think it admitted very sensibly that the ostensible powers of a real agent and the apparent powers of a person whom the principal is estopped to say is agent are the same. The defendant also admits that the plaintiffs could have brought an action of tort for this wrong. We assume it meant tort for negligence for

[ 1 ]

that is what we are talking about. We are a little surprised at this not only because of the defendant's second and fourth requests for rulings but because it brings the law of estoppel into the field of tort. Duobtless the defendant was forced to this position by such decisions as *McDonald* v. *Dr. McKnight Inc.,* 248 Mass. 43 and *Denny* v. *Riverbank Court Hotel,* 282 Mass. 176.

So by the defendant's reasoning, if material, we come to this: that although the defendant actually and impliedly represented that it ran the whole luncheonette, it is estopped only to deny its responsibility for the employee who served the food and not for the employee who negligently blew up the can of beans near these customers.

Perhaps we find the defendant's reason for this limitation in the further statement in its brief that "if there is a representation, it is that the *persons* (italics ours) working at the luncheon counter are agents or servants of the defendant. Reliance upon this representation and action upon it did not cause the plaintiffs' injuries." We take this to mean that liability for tort for negligence is based on foreseeability and that the putative principal could not have foreseen that his representation would cause the injury that happened. This stand confuses the laws of estoppel, agency and tort. Foreseeability is the test of liability for negligence, *Bohlen Torts, Chapter I,* p. 9 and p. 28, *Hill* v. *Winsor,* 118 Mass. 251, but this is the foreseeability of the normal man as the situation appeared to him at the time of his act which later caused the injury. When a principal appoints an agent, he may realize that he will be responsible if the agent does wrong but he does not foresee the consequences of the act which causes the injury. So the person who does something which leads another to believe that a man is his agent, should know that this may lead to responsibility, but the test of foreseeability does not arise until the act, the consequences of which are to be determined, is done.

Returning to the main issue there is respectable authority going further than the defendant does and holding that estoppel has no place in the law of tort, especially tort for negligence. *Smith* v. *Belshaw,* 89 Cal. 427, see also *Barton* v. *Studebaker Corp.,* 46 Cal. App. 707, 723, *Piedmont Operating Co.* v. *Cummings,* 40 Ga. App. 397, 400, *Mecham Agency,* sec. 724.

There is good reason for denying the effect of estoppel in many instances of tort for negligence.

There is no time for estoppel when the negligent driver is bearing down on the pedestrian. Whatever may then be held out about the driver, the victim has no chance to rely on it. It may be quite different where before the tort is committed the prospective victim has time to act on a representation.

We see no reason why estoppel should not apply in cases of tort for negligence where opportunity to act on representation exists. A great part of our daily determinations are

justifiably based on appearances. To a great extent things are what they seem. Possession is evidence of ownership. The meeting of minds in contract is judged by objective tests (Williston Contract Rev. Ed. sec. 1536). Seeing a person apparently acting for another in a place where the act would properly be performed is some evidence of authority.

Now if the situation is such that the putative principal cannot deny that the person held out is his agent, we see no reason why it does not follow that he is liable for the acts of the supposed agent as for the acts of one confessedly appointed. To say that he cannot deny that the person is agent but can deny responsibility for his acts does not make sense.

There is a weight of authority to support this conclusion. See *Pennsylvania R. R. Co.* v. *Hoover*, 142 Md. 251. See also *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417 at 422. In the latter opinion the Court said: "If A contracts with the ostensible agent of B for the purchase of goods, he relies not only on the business reputation of B, as to the goods he manufactures or sells, but on the pecuniary responsibility of B to answer for any default in carrying out the contract. So here the plaintiff had a right to rely not only on the presumption that the defendant would employ a skillful dentist as its servant, but also on the fact that if the servant, whether skillful or not, was guilty of any malpractice, she had a responsible party to answer therefor in damages." *Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244; see also *Pugh* v. *Washington Railway & Electric Co.*, 134 Md. 196; *Growcock* v. *Hall*, 82 Ind. 202; *Rhone* v. *Try Me Cab Co.*, 65 Fed. (2nd) 834; *Thompson Commentaries on Law of Negligence*, sec. 7434.

We think our conclusions are supported by principles set forth in the Restatement of the Law—American Law Institute: *Agency*, Sections 265, 266, 267; *Torts*, Section 429.

We conclude that the trial judge was warranted in his findings of estoppel, *Levin* v. *Rose*, 302 Mass. 278, 382, and that his disposition of the defendant's requests for rulings was correct.

Report dismissed.