**No. 2816**  Northern  Essex, ss.

**WILLS**  (Herbert Lord)

**v. LAUDANI**  (Harry B. White, John L. Fitzpatrick)

From the District Court of Lawrence—Donovan, J.

Argued April 15, 1941—Opinion Filed May 9, 1941

WILSON, J.—(Pettingell, A.P.J., & Henchey, J.)—This is an action of contract in which the plaintiff seeks damages from the defendant who conducted a cafe and served her food which, as alleged, was unwholesome, contained foreign matter, and was otherwise unfit to be eaten in breach of the implied warranty made by the defendant.

At the trial there was evidence tending to show that the plaintiff and her husband went to the defendant's cafe, located in Lawrence, for the purpose of having lunch; that the plaintiff had a chicken sandwich and her husband had a chicken dinner; that the plaintiff noticed nothing wrong with the sandwich and ate at least a portion of it; that it tasted strong and brassy; that the flavor was odd and did not taste like chicken;

that she pushed off the gravy and ate two more bites of it. The plaintiff immediately after luncheon went to New York; that she began to feel ill before she arrived in New York. Upon her return to Lawrence she consulted a doctor and was confined to her bed for about ten days or two weeks and out of work for about four weeks. Her husband testified that he went to the defendant's cafe two days after the occurrence complained of and told the defendant that his wife had been poisoned from eating a hot chicken sandwich in the cafe on October 9, and that he asked the defendant what he was going to do about it.

The plaintiff herself had no communication with the defendant until about five weeks after the occurrence complained of, when she went to the cafe again for luncheon.

The doctor employed by the plaintiff at the time of her illness gave as his opinion that the sandwich eaten at the defendant's cafe was the cause of her illness, although there was medical testimony introduced by the defendant to the effect that the plaintiff was suffering from a malady not food poisoning. The trial judge found for the plaintiff.

We first consider the question of whether any notice given by the plaintiff was adequate to satisfy the provisions of G. L. (Ter. Ed.) c. 106, s. 38. It is well settled that "the plaintiff could not recover for breach of warranty unless she gave notice thereof to the defendant within a reasonable time after she knew of the breach. G. L. (Ter. Ed.) c. 106, s. 38. The giving of such a notice was a condition precedent to establishing the defendant's liability." *Smith* v. *Denholm & McKay Co.,* 288 Mass. 234; *Savage* v. *Alpha Lunch Co.* 300 Mass. 520.

In *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 369, regarding the notice required by the statute, the court said at page 370: ". . . it seems clear that it must refer to particular sales, so far as that is practicable; it must at least fairly advise the seller of the alleged defects, and that it must be such as to repel the inference of waiver. Although it need not necessarily take the form of an express claim for damages or threat of such, it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights."

In *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, this definition was again stated in substantially the same language.

The notice given by the husband could be found and was found by the trial judge to be a notice sufficient in itself and given within a reasonable time to fairly comply with the statute. See *Bruns* v. *Jordan Marsh Co.* Mass. Adv. Sh. (1940) 521 (24 BTL 271).

It is unnecessary for us to determine whether or not the notice given by the plaintiff herself, within one week after she was able to go out, was sufficient within the statute, as the notice given by her husband, in our opinion, sufficiently complied therewith. Whether the burden of proof has been sus-

tained is a question of fact for the trial court. *Poulos* v. *Labbee,* 291 Mass. 107. The finding of the trial court must stand if warranted upon any view of the evidence. *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, *Moss* v. *Old Colony Trust Co.* 246 Mass. 139.

It cannot be said that there was error in refusing to give those requests which called the attention of the trial judge to the sufficiency of the evidence upon any phase of the case, because by his specific findings of fact he placed himself within the doctrine of *Strong* v. *Haverhill Electric Co.* 299 Mass. 255. *Home Savings Bank* v. *Savransky,* Mass. Adv. Sh. (1940) 2115.

Viewing the evidence in its aspect most favorable to the plaintiff (see *Karjavainen* v. *Buswell,* 289 Mass. 419), the court was justified in finding that the plaintiff's condition was brought about by reason of the fact that the sandwich, purchased and consumed by her in the defendant's cafe, was unwholesome and unfit for food; that the defendant was properly notified within a reasonable time by the plaintiff or by a person in her behalf; and that she had been poisoned eating a hot chicken sandwich in the safe of the defendant on October 9, and that the plaintiff proposed to do something about it.

In our opinion the report disclosed no error prejudicial to the defendant and is dismissed.