ETTA BARRON *vs.* McLELLAN STORES COMPANY.

LILLIAN ROBBINS *vs.* SAME.

Suffolk.   October 10, 1941. — February 2, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Estoppel.  Negligence,* Store, "Luncheonette."

Upon facts found as to the general appearance and arrangement of the interior of a store and of a luncheonette therein such that "an ordinary customer could not see any difference between the store and the luncheonette," and as to operation of the luncheonette by a concessionaire under an arrangement with the proprietor of the store, who

"had nothing to do with" its "operation," a further finding was warranted that the proprietor of the store was estopped to defend against an action of tort for personal injuries, sustained by a customer while eating in the luncheonette and caused by an explosion due to negligence of an employee of the concessionaire, either on the ground that such proprietor was not operating the luncheonette or that he was not responsible for the negligence of such an employee, where it did not appear that the customer knew or should have known of such arrangement.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated April 4, 1940.

The actions were heard together by *Brackett*, J.

The finding as to the defendant's business arrangement with the concessionaire was as follows: "The defendant in fact had nothing to do with the operation of the luncheonette, and bought no food used or sold there, receiving a certain portion of the receipts from the luncheonette as payment for the privilege granted the 'A & S Luncheonette' of running the luncheon place as its concessionaire." The defendant requested the following rulings:

"1. There is no evidence in this action upon which a finding can be made that the defendant was negligent.

"2. The plaintiff cannot recover unless there is in addition to evidence of an invitation, evidence that the defendant, its agents or servants were negligent.

"3. Where a plaintiff seeks to recover against the proprietor of a store for the negligent conduct of an employee of concessionaire occupying space in said store, there must be evidence of: (1) negligence upon the part of the proprietor in selecting the concessionaire; or (2) negligence upon the part of the proprietor in exercising supervision over the methods or appliances used by the concessionaire.

"4. The defendant is not liable for the negligence of an employee of his concessionaire if the concessionaire on a particular occasion carries on an activity in a negligent manner.

"5. Upon all the evidence, the plaintiff cannot recover.

"6. There is no evidence in this action upon which a finding can be made for the plaintiff."

The trial judge ruled as follows upon the defendant's requests for rulings: "Requests denied as immaterial. For

material facts see memorandum of findings of fact filed herewith. Upon the facts set forth in said memorandum I find as a fact that the defendant is estopped from setting up as a defence either that it was not in fact operating the luncheonette in which the plaintiff sustained her injuries, or that it is not responsible for the negligence on the part of the concessionaire to which the plaintiff's injuries are attributable."

There was a finding for each plaintiff in the sum of $159 and a report to the Appellate Division stating merely that the defendant claimed "to be aggrieved by the refusal to rule as requested, and as above set forth."

*B. A. Sugarman,* (*S. H. Rogers* with him,) for the defendant.

*E. R. Bonitz,* (*W. E. Kopans* with him,) for the plaintiffs.

Cox, J. The defendant appealed from the decision of the Appellate Division of the Municipal Court of the City of Boston which ordered dismissed the report of the trial judge, who found for the plaintiff in each case. The actions are in tort.

There was evidence that there was a "luncheonette" in the defendant's store that was operated by a concessionaire known as the "A & S Luncheonette," a corporation. While the plaintiffs were eating at the luncheon counter, they were injured by the explosion of a can of beans, due to the negligence of an employee of the concessionaire. There was no dividing wall between the luncheonette and the rest of the store, and the entire store, including the luncheonette, had one general color scheme with no sign or signs over the luncheonette stating that it was not operated by the defendant and that it was operated by the concessionaire, so that an ordinary customer could not see any difference between the defendant's store and the luncheonette. The words "McLellan Luncheonette" were printed in large letters at the top of the "permanent" menu cards, from one of which the plaintiffs ordered what they were eating at the time they were injured. Similar cards were displayed in the show window of the defendant's store, so attached as to attract the attention of passers-by. There was noth-

ing on the uniforms of the employees working at the luncheonette to indicate the name of the employer. Milk and common victualler's licenses were issued to the "A & S Luncheonette," but they were small in size and displayed only at the end of the luncheonette, and had not been observed by the plaintiffs prior to the time that they were injured. The defendant, in fact, had nothing to do with the operation of the luncheonette except in a general supervisory manner, although the defendant received a certain proportion of its gross receipts. Persons working at the luncheonette were employed and paid by the concessionaire. Some of the provisions purchased by the concessionaire were at times billed to "McLellan's Luncheonette." There was no evidence that the plaintiffs were contributorily negligent, or that the defendant was negligent in the selection of the concessionaire, or in exercising supervision over the methods and appliances used by it. The trial judge denied certain requests of the defendant for rulings, found the facts substantially as herein set out and found for the plaintiff in each case.

There is no contention that the plaintiffs were not rightfully on the defendant's premises as invitees. Invitation, however, is important only as establishing the rights of the plaintiffs to be where they were. See *O'Brien* v. *Freeman,* 299 Mass. 20. It is assumed from the findings that that part of the defendant's premises where the plaintiffs were when they were injured was included in that portion of the store that was occupied by the concessionaire. Not only were the plaintiffs rightfully in the store, but they were there without knowledge or information that would reasonably lead them to believe that the luncheonette was not operated by the defendant. To all intents and purposes, they entered the defendant's store to purchase and eat its food. We think the inference is warranted that in doing so they relied upon the appearance of things and upon the food they purchased being that of the defendant. The fact that neither of the plaintiffs categorically testified that she so relied is not conclusive. See *England Brothers, Inc.* v. *Miller,* 274 Mass. 239, 242.

The employees of the concessionaire were not the agents in fact of the defendant, but it requires no strained construction of the facts disclosed, for which the defendant can rightly be held responsible, to lead to the conclusion that apparently they were. It does not appear, however, that there was any relationship between the employees of the concessionaire and the defendant except the apparent one, as to which it does not appear that the employees were parties. See *T. D. Downing Co.* v. *Shawmut Corp. of Boston,* 245 Mass. 106, 113. The case at bar is not one involving what is variously referred to as the implied, ostensible or apparent authority of one who is an agent in fact. See *Choate* v. *Assessors of Boston,* 304 Mass. 298, 300, and cases cited.

The defendant concedes that there was an invitation to the plaintiffs to enter its store for business purposes; that there was a representation that any contract or sale made by the concessionaire was a contract or sale made by the defendant;. that it well may be that because of the implied representations the plaintiffs purchased their meals, being led to believe that they were purchasing the defendant's food; and that, if the plaintiffs had been injured by reason of eating contaminated food at the luncheonette, the court would be warranted in holding that the defendant was estopped to deny the agency of the employee from whom the food was purchased, citing *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. It contends, however, that any representation by the way of appearances does not go to the extent of saying that the plaintiffs would not be injured by the negligent conduct of the employees of the concessionaire.

The finding that we think was impliedly made, that by virtue of the purchase of the food a contractual relationship arose between the plaintiffs and the defendant, available, at least, to the plaintiffs, was warranted, *Auringer* v. *Cochrane,* 225 Mass. 273, *Pimpinello* v. *Swift & Co. Inc.* 253 N. Y. 159, *Rieves* v. *Smith,* 184 Ga. 657, 664, *Wiggins Ferry Co.* v. *Ohio & Mississippi Railway,* 142 U. S. 396, 408–409, Williston, Contracts, (Rev. Ed.) § 98; and it becomes important to determine what the contract included. It was

for the purchase of food to be eaten upon the premises, and it was while the plaintiffs were eating that they were injured. If they had taken the food away and had become ill from eating it, the defendant could have been found liable because of a violation of the contract, for which an action of tort or contract would lie. *Bryant* v. *Rich,* 106 Mass. 180, 190. *Vannah* v. *Hart Private Hospital,* 228 Mass. 132, 139. *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 144. The defendant owed the plaintiffs, as customers of the luncheonette, in the circumstances, something more than a mere duty to see that they were not injured by eating the food. It owed them the duty also to see that, while, as an incident to the contract, they were consuming food, they were not injured by the negligent acts of the employees of the luncheonette, who, to all appearances, were the employees of the defendant. *Bryant* v. *Rich,* 106 Mass. 180. *Vannah* v. *Hart Private Hospital,* 228 Mass. 132. *Frewen* v. *Page,* 238 Mass. 499.

The requests for rulings were denied on the ground stated by the trial judge that the defendant was estopped from setting up as a defence either that it was not in fact operating the luncheonette, or that it was not responsible for the negligence in question, and we are of opinion that in this there was no error. See *Cleaveland* v. *Malden Savings Bank,* 291 Mass. 295, 298. A finding of reliance, which was essential (see *Federal National Bank of Boston* v. *O'Connell,* 305 Mass. 559, 567, and authorities there cited; *Clark* v. *Dillman,* 108 Mich. 625, 627), upon the appearance of things was warranted. See *McDonald* v. *Dr. McKnight, Inc.* 248 Mass. 43, 48; *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 178, 179; *Desrochers* v. *Brady,* 299 Mass. 269, 270. The plaintiffs entered into a contract with the defendant (see *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540), and while actually engaged within the contemplation of that contract, they were injured through the negligence of an apparent employee of the defendant. In the circumstances, the defendant cannot be heard to say that it is not liable. See *Pennsylvania Railroad* v. *Hoover,* 142 Md. 251, 257, 258; *Hannon* v. *Siegel-Cooper Co.* 167 N. Y. 244; *Santise* v.

*Martins, Inc.* 258 App. Div. (N. Y.) 663; *Manning* v. *Leavitt Co.* 90 N. H. 167. *Rubbo* v. *Hughes Provision Co.* 138 Ohio St. 178.

We are of opinion that there was no error in the denial of the defendant's requests. No question of pleading or of a variance has been raised. See *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 458.

*Orders of Appellate Division affirmed.*