ARTHUR F. SHERMAN *vs*. THE TEXAS COMPANY & another.

Middlesex.    February 3, 1960. — March 30, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Estoppel. Negligence,* Automobile service station. *Evidence,* Relevancy and materiality. *Practice, Civil,* Variance, Amendment.

Evidence respecting signs, displays and color scheme maintained at an automobile service station did not warrant a finding that a lessor of the station, a gasoline company, represented more than that gasoline sold at that station was its gasoline, or a conclusion that the lessor was estopped as against a customer injured therein to deny that the lessor was responsible for the maintenance and operation of the station as proprietor. [608]

At the trial of an action for personal injuries sustained in an automobile service station allegedly in the control of the defendant, a gasoline company which had let it, there was no error in excluding testimony of the plaintiff that on entering the station he assumed from its appearance that it was operated by the defendant where such assumption was unwarranted by anything which the plaintiff saw there. [609]

Evidence that the sole duties of one "supervising" an automobile service station for a lessee thereof while the lessee was away consisted of taking care of the station's books, doing some buying, and issuing checks did not warrant a conclusion that the "supervisor" was in control of the station so as to be responsible for its maintenance and operation to a customer injured therein. [609]

In an action by a customer of an automobile service station against a lessor of the station and one "supervising" it while the lessee was away, there was a fatal variance between the declaration, which alleged that the "defendants . . . were jointly in control of . . .

[the station] and that . . . the plaintiff was . . . injured by the
negligence of the servants, agents and employees of the defendants
acting jointly in maintaining an automobile lift," and the proof, which
did not show that either defendant was in control of the station or
responsible for the acts of an attendant in charge of the lift causing the
plaintiff's injury. [609]

Where the evidence at the trial of an action supported neither the cause
of action set forth in the declaration nor another ground of recovery
which the plaintiff contended it supported, there was no occasion for
affording him an opportunity to amend his declaration upon a decision
that a verdict had properly been ordered for the defendant by reason
of the variance. [609]

TORT. Writ in the Superior Court dated March 18, 1954.
The action was tried before *Warner*, J., who directed
verdicts for the defendants.

*Jack J. Moss*, for the plaintiff.

*Peter D. Cole*, for the defendant The Texas Company.

WHITTEMORE, J. The plaintiff, according to his bill of ex-
ceptions, on August 23, 1953, drove his automobile into a
service station at Main and School streets, North Woburn,
for fan belt repair and to buy gasoline. Obeying instructions
of the attendant, the plaintiff drove the automobile onto a
hydraulic lift, and, after the hood of the automobile had been
raised and a short circuit discovered, he stood on the lift
"looking into the engine to observe what may be the
trouble." The attendant then left to supply gasoline to a
customer and upon his return he pulled a switch which
caused the lift to rise and the plaintiff to fall and be injured.

The plaintiff brought an action against The Texas Com-
pany (the defendant) and against the attendant, his em-
ployer (the lessee of the station under a lease from The
Texas Company), and Stanley Gillespie who was "super-
vising . . . the gasoline station" for the lessee while the
latter "was in the military service." The action was dis-
continued as to the individual defendants other than
Gillespie.

The declaration alleged that the "defendants . . . were
jointly in control of . . . [the premises] and that . . . the
plaintiff was . . . injured by the negligence of the servants,
agents and employees of the defendants acting jointly in

maintaining an automobile lift." The plaintiff's exceptions are to the action of the judge in directing a verdict for the defendants, on a motion which referred to the evidence, the law and the pleadings, and to the exclusion of the plaintiff's proffered testimony that he assumed from the appearance of this station that it was operated by The Texas Company.

The plaintiff contends that the evidence warranted the conclusion that the defendant had held itself out as the proprietor of the service station and that he may recover under *Barron* v. *McLellan Stores Co.* 310 Mass. 778, 782–783. See also *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. We need not decide the applicability of the principles stated in those concessionaire cases to this lessor-lessee case, for we think the necessary representation of proprietorship was lacking.

There was testimony that the defendant has a distinguishing color and sign scheme for gasoline stations either owned or operated so that identification on all such stations is standard. This station had a "characteristic . . . banjo pole" displaying a round disc with the standard Texaco identification, "a red star with green and the letters 'Texaco.'" The gasoline pumps were of a standard type and color scheme, which is used for both owned and leased stations. The station had the name Texaco on its signs and the characteristic colors, white with green trim, on the building. On stations "operated solely by . . . [the defendant]" there is a sign over the door in six inch block letters reading "The Texas Company." There was no such sign over the door of this station or elsewhere on the premises. The lease of a fully equipped station, including three pumps and a "banjo pole and sign," corroborated the inference from the open display of Texaco identification that this display was with the defendant's approval and pursuant to its design.

We rule that the representation of the signs was confined to the statement that Texaco gasoline was sold at the station. We agree with the statement in *Reynolds* v. *Skelly Oil Co.* 227 Iowa, 163, 171, that it "is a matter of common knowledge that these trademark signs are displayed . . .

by independent dealers." See *Willett* v. *Pilotte*, 329 Mass. 610, 614. There was no error in excluding evidence of the plaintiff's assumption on entering the station, unwarranted by the signs which he saw. Compare *England Bros. Inc.* v. *Miller*, 274 Mass. 239, 242; *Barron* v. *McLellan Stores Co.* 310 Mass. 778, 782–783.

The plaintiff's brief asserts error in "directing the verdict for the defendants" but does not argue error in respect of the defendant Gillespie. No error on the evidence is apparent as to this defendant whose sole duties, according to the bill of exceptions, were to take care of books, do some buying and issue checks.

The verdict was rightly directed for both defendants on another ground. There was a variance between the declaration and the proof which in the circumstances we may not disregard. *Glynn* v. *Blomerth*, 312 Mass. 299, 302. *Sandler* v. *Elliott*, 335 Mass. 576, 581–582. There is no basis for giving an opportunity to amend. Compare *Ferris* v. *Boston & Maine R.R.* 291 Mass. 529, 534.

*Exceptions overruled.*