## Western District

### ESTHER M. KAPLAN, EXECUTRIX

### v.

### SYDNEY GROSSMAN HOTEL CORPORATION

*Present*: Garvey, J. & Hobson, J.

Case tried to *O'Malley, J.* in the District Court of Springfield. No. 156171.

Argued: April, 1962—Decided, June, 1962

*Hobson, J.* This is an action of contract or tort against the defendant, owner of the building known as the Highland Hotel in Springfield, arising out of the sale of bakery goods to the Hillman Restaurant Corporation, lessee of said building, for use in the kitchen and dining room in said Highland Hotel.

*At the trial there was evidence tending to show that*: The plantiff was executrix of the

estate of her late husband, Daniel Kaplan, who died in June, 1959; that she was authorized to operate his wholesale bakery supply business; that she received orders from the Highland Hotel in June, July and August of 1959 for bakery supplies for use in its kitchen and dining room; and that she was owed a total of $382.68 for the goods and supplies so sold and delivered. The plaintiff assumed at all times in making the sales and deliveries of the bakery supplies that she was doing business with the owner of the hotel building and that there was nothing to notify her that the Highland Hotel was being operated by anyone other than the owner of the building. The plaintiff never did business with the defendant and never sent the defendant a bill for the goods in question. By way of deposition the defendant admitted that it was the owner of the hotel building and property occupied by and known as the Highland Hotel in June, July and August of 1959; that the defendant leased the dining room and kitchen of the Highland Hotel to the Hillman Restaurant Corporation without giving any notice of such lease; that the defendant knew that the lessee of the dining room and kitchen in said hotel was doing business under the name of Highland Hotel and did nothing to prevent that name from being used.

The plaintiff properly filed a demand for admission of facts and the defendant failed to deny Fact No. 5 and the defendant thereby

admitted that it had operated the hotel and dining room before entering into the lease with the Hillman Restaurant Corporation.

The trial judge made the following special findings of fact:

"On all the evidence and the inferences to be drawn therefrom, I find that during June, July and August of 1959, the defendant was the owner of certain real estate on which was located the Highland Hotel. During this period the real estate was leased to the Hillman Restaurant Corp. which managed and operated the hotel. During this period the plaintiff sold bakery supplies to the Highland Hotel upon telephone or oral orders from the chef or baker who were employees of the Hillman Restaurant Corp. The defendant corporation never managed or operated the hotel nor was it ever billed by the plaintiff for the bakery supplies sold, nor did it in any way hold itself out as the proprietor or manager of the hotel."

The plaintiff duly filed the following requests for rulings of law:

1. On all of the evidence the plaintiff is entitled to prevail.
2. The evidence warrants a finding for the plaintiff.
3. The evidence is insufficient for a finding in favor of the defendant.
4. As the defendant had held itself out as the proprietor of the Highland Hotel and as the plaintiff reasonably might consider the de-

fendant as the purchaser of the supplies which she sold to the Highland Hotel, the defendant is estopped to deny that it purchased the goods which the plaintiff alleges it sold and delivered to the defendant.

5. Knowingly, to lead a person reasonably to suppose that you are dealing with it and to deal with it are the same thing in law.

6. One may assume that all business that is conducted in a hotel in the Commonwealth of Massachusetts and is of such a nature as that ordinarily and usually conducted by a hotel is transacted by the owner of the hotel property itself and not by strangers to the hotel.

7. As the defendant was the owner of the real estate known as the Highland Hotel and as it permitted a third party to use the name, Highland Hotel, and operate his property without notice to people dealing with the Highland Hotel, the defendant is estopped to deny that it dealt with suppliers of merchandise to the Highland Hotel who in fact dealt with said third party.

8. The evidence warrants a finding that the plaintiff was warranted in believing that she was doing business with the defendant.

The trial judge granted plaintiff's request No. 5 and denied all the others.

The plaintiff claims to be aggrieved by the denial of her requests numbered 1, 2, 3, 4, 6, 7 and 8 and by the trial judge's findings of fact.

We find no prejudicial error on the part of the trial judge.

The plaintiff contends:

First, that the defendant is estopped from denying that it purchased the goods which the plaintiff sold and delivered to the Highland Hotel;

Second, that one may assume that all business that is conducted in a hotel in Massachusetts and is of such a nature as that ordinarily and usually conducted in a hotel is transacted by the owner of the property itself, and not by strangers to the hotel;

Third, that there was error on the part of the trial judge in making a special finding of fact that the defendant never managed or operated the hotel when by force of G. L. c. 231, §69, by failing to deny plaintiff's demand for admission of Fact No. 5, the defendant admitted that it had operated the hotel and dining room before entering into the lease with the Hillman Restaurant Corporation.

With reference to the plaintiff's first contention, there are cases, like *Timmins v. F. N. Joslin Co.,* 303 Mass. 540; *Barron v. McLellan Stores Co.,* 310 Mass. 778; *McCarthy v. Brockton Nat. Bank,* 314 Mass. 318, where the Supreme Court has said that there were representations of proprietorship which would warrant the conclusion that the defendants had held themselves out as the proprietor of the business being operated by the concessionaires. In these cases there was evidence that

the defendants had permitted some other person to occupy space in a part of the premises where the defendants themselves conducted their own businesses for the purpose of carrying on a business of such a kind and nature as that ordinarily and usually conducted by the defendants; and that the defendants knew that the arrangement and general appearance of that part of their premises were such that they would easily induce those persons who did business with the defendants to believe that the business being carried on in the spaces occupied by the concessionaires was transacted by the defendants. However, we find no evidence of this kind and character in the instant case.

In *Sherman v. Texas Co.,* 340 Mass. 606, 608, the Supreme Court said it need not decide the applicability of the principles stated in the above-named concessionaire cases to a lessor-lessee case, like the present, for it thought the necessary representation of proprietorship was lacking.

This is true here. There is no evidence that at the time the plaintiff was doing business with the Hillman Restaurant Corporation in June, July and August of 1959, the defendant was in any way then conducting in its building any line of business usually and ordinarily conducted in a hotel, like renting rooms, so that it might reasonably be inferred that the preparation and serving of meals in the dining room was also being done by the party conducting the other lines of the hotel's

business. In fact, it appears that the only business then being conducted in the building was the restaurant business being carried on by the Hillman Restaurant Corporation. The only evidence upon which the argument that the defendant was estopped from denying liability for the goods sold and delivered to the said Hillman Restaurant Corporation are the facts that the defendant owned the building, had leased the kitchen and dining room to said restaurant corporation, permitted it to use the name by which the building had long been known and had not notified the plaintiff or the public that it was not conducting the restaurant business at the time it had leased a portion of the premises to the Hillman Restaurant Corporation.

Mere ownership of a building by a party is not evidence of representation of proprietorship by him of the business or businesses then being carried on in the building by a tenant or tenants, under either a lease or by a tenancy at will. Such an owner, whether or not he has formerly carried on a business in his building, upon renting or leasing a space therein to a person who is to engage in a like business, is not required to give notice to persons who have never done business with him that he is no longer conducting the business. We do not have here a sale of the restaurant business by the defendant to the Hillman Restaurant Corporation but only a lease of the kitchen and dining room in which it could conduct a new business of its own.

The representation of proprietorship necessary to make applicable the principles of law stated in the concessionaire cases above referred to was lacking. *Sherman v. Texas Co.,* 340 Mass. 606.

We do not agree with the plaintiff's second contention that one may assume that all business that is conducted in a hotel in the Commonwealth of Massachusetts and is of such a nature as that ordinarily and usually conducted by a hotel is transacted by the owner of the hotel property itself and not by strangers to the hotel.

We also do not agree with the plaintiff's third contention that there was error in the trial judge making a special finding that the defendant had never managed or operated the hotel contrary to the admission of the defendant (by force of statute due to his failure to deny a fact sought to be admitted) that he had prior to the lease to the Hillman Restaurant Corporation operated the hotel and dining room.

If there was error in the trial judge making this finding, which we do not intimate, it was not prejudicial error. It is to be noted that the admission, if any there was, was not that it, the defendant, was managing or operating any part of the hotel during the months of June, July and August of 1959, when the plaintiff was delivering the bakery supplies to the Hillman Restaurant Corporation, but was so operating it prior to the time of the lease of the kitchen and dining room to the

Hillman Restaurant Corporation. Further, the plaintiff admitted that she had never done any business with the defendant, so that it cannot be argued that as she was doing business with the defendant, when it ran the dining room, and continued to furnish bakery products after the defendant had closed out his business and permitted another person to carry on a like business, without notifying her of the change, she was warranted in assuming that the defendant was still operating the dining room while she was delivering goods there in June, July and August of 1959. To make the defendant liable for the goods sold during June, July and August of 1959, it must appear that the representations of proprietorship were made during the aforesaid months. Therefore, whether or not the defendant managed and operated the hotel prior to the lease to the Hillman Restaurant Corporation is immaterial, and the special finding of the trial judge referred to, if error, was not prejudicial.

There was no error in the denial of the plaintiff's requests for rulings. If they were correct statements of the law, the plaintiff was entitled to them or a statement of findings of fact showing that the rulings had become immaterial. *Hoffman v. Chelsea,* 315 Mass. 54, 56. In this case she got the statement of facts showing that the rulings had become immaterial.

No prejudicial error having been found, the report should be dismissed.

L. Kerlinsky, of Springfield, for the Plaintiff.
I. Cohen, of Springfield, for the Defendant.