*Western District*

Hampden, ss.

## LAURA HUARD and JEROME HUARD

### v.

## EASTERN STATES EXPOSITION

Argued: Dec. 16, 1969 - Decided: Apr. 8, 1970

*Present:* Garvey, P.J.; Allen, and Dudley, J.J.

Case tried to *Donahue, J.,* in the District Court of Holyoke S.C. #120446 D.C. #R-5968

*Dudley, J.* In this action of tort in which the defendant filed an answer of general denial, contributory negligence and assumption of the risk, there was a finding for the defendant and the plaintiffs claimed a report because of the finding and because of the court's denial of the plaintiffs' request for ruling #4.

*There was evidence that* on September 23, 1965, the plaintiff, Laura Huard attended the Eastern States Exposition; that she paid admission to enter the fairgrounds; that she went to the exposition to see the exhibits; that she visited the Connecticut building and viewed exhibits there and after leaving the Connecticut building was walking along the walk connecting that building with the New Hampshire building when she fell and sustained bodily injury; that at the time of her fall she intended to enter the New Hampshire building to view the

exhibits there; that she fell by reason of a section of the walk being crumpled and it was undisputed that the title to the land where the plaintiff, Laura, fell was not in the defendant but was in either the State of Connecticut or the State of New Hampshire. *No other evidence was introduced relating to control or ownership of the place where the plaintiff fell.*

The plaintiffs seasonably filed four requests for rulings in the treatment of which the action of the court concerning only one (Request 4) is in issue here.

Requests 1, 2, and 3 and the action of the court thereon are included below only for purposes of clarification.

Request 1:

—"A defendant who holds himself out to the world to be conducting a business enterprise is estopped from asserting that the enterprise was in fact conducted by another where it is that other's negligence that causes an injury to an invitee who, because of the appearance of the situation reasonably assumes that he is the invitee of the defendant." *Allowed but see finding.*

Request 2:

—"If the plaintiffs in the instant case had no knowledge that the defendant was not in control of or did not own the premises on which the plaintiff, Laura Huard, was injured, the defendant is liable for dam-

ages sustained by the plaintiffs as a result of such injury, if it is found as a fact that because of the appearance of things she reasonably assumed that the defendant was in control of said premises." *Denied. Issue of fact.*

Request 3:

—"The liability of one using land for injuries caused to another whom he has invited to come upon the land for the purpose of transacting business with him does not depend upon the title that he may or may not have in the land but depends upon the obligation that the law imposes upon him because of the invitation." *Allowed but see finding.*

Request 4:

—"If it is found that the plaintiff, Laura Huard, was admitted to the Eastern States Exposition grounds by reason of a paid admission ticket and that said ticket entitled her to visit that portion of the grounds on which she fell and was injured, her status at the time was that of an invitee of the defendant and the defendant is liable to the plaintiffs for the damage sustained by them regardless of the fact that title to and control of said premises was in another who negligently failed to keep said premises in a reasonable safe condition." *Denied.*

The court's finding was as follows:

—"This is an action of tort resulting from a fall down on a sidewalk, between a building owned by the State of Connecticut and a building owned by the State of New Hampshire on the fairgrounds of the Eastern States Exposition on September 23, 1965.

I find that the plaintiff was injured on the property of the State of Connecticut. I further find that the defendant was not the owner or in control of the premises in the area where the plaintiff was injured."

The trial court then dealt with the requests for rulings as above and found for the defendant.

We find no error on the part of the trial judge.

A trial judge's action upon requests for rulings must show that he has made no error of law. *Home Savings Bank* v. *Savronsky,* 307 Mass. 601, 603.

He is not required to make special findings of fact even though requested to do so. *Castano* v. *Leone,* 278 Mass. 429, 431. Though it often may be desirable for the judge voluntarily to make special findings of fact or rulings of law for the information of the parties and the presentation of the real question of law for review, failure to do so is not error. *Memishian* v. *Phipps,* 311 Mass. 521, 523.

 The trial judge is required to make special findings of fact only when a ruling is denied as inapplicable to the facts found. (17 LEGALITE 202).

 If a request is denied on any other ground, or without any statement of the ground, the judge is not required to set forth findings of fact. *Memishian* v. *Phipps*, 311 Mass. 521, 523, 524.

The plaintiffs rely heavily on the cases of *Barron* v. *McLellan*, 310 Mass. 778 and *Rouillard* v. *Canadian Klondike Club*, 316 Mass. 11 in each of which cases it was shown that the defendant either had possession or control of the offending dangerous instrumentality or that the plaintiff reasonably assumed from the appearance of things (on which he relied) that the defendant had control over it.

 In concessionaire cases, to establish liability a finding of reliance on the appearance of things is essential. *Federal National Bank* v. *O'Connell*, 305 Mass. 559, 567. *Barron* v. *McLellan*, 310 Mass. 778, 783. *Sherman* v. *Texas Co.*, 340 Mass. 606, 609.

There is no such finding in this case. It is elementary that damage caused by the condition of premises commonly depends upon control of the offending instrumentality, either through ownership or otherwise. *Marston* v. *Boston Publishing Co.*, 271 Mass. 307. *Wright*

v. *Sears*, 242 Mass. 292. *Cassidy* v. *Welsh,* 319 Mass. 615, 619. In this case the defendant was found not to be the owner of or in control of the area involved.

When there is no affirmative evidence of any negligent act or ommission on the part of the defendant which contributed to the injury of the plaintiff, a finding for the defendant is warranted. *Cronin* v. *Universal,* 348 Mass. 645, 649. See *Underhill* v. *Schactman,* 337 Mass. 730.

The present case is not one where the State of Connecticut has been shown to be concessionaire on premises of the defendant as in *Barron* v. *McLellan,* 310 Mass. 778 or *Timmis* v. *Joslin,* 303 Mass. 540. See *Buck* v. *Clauson,* 349 Mass. 612, 615.

The fact that the plaintiff was injured by reason of a defective condition is not sufficient to entitle her to recover. She must go further and prove that her injuries were caused by some act of negligence on the part of the defendant. Even aside from the questions of control or appearance of control of the offending premises, and aside from the questions of contributory negligence and assumption of the risk, there is nothing in the reported evidence to show how long the defect (if there was one) had existed prior to the accident nor is there any evidence that the defendant (even if it had the duty to do so) knew or should by the exercise of reasonable care have known of the

existence of the alleged defect. See *Kelley* v. *Quimby Co.*, 227 Mass. 93.

The trial judge's disposition of the requests for rulings demonstrated that he had properly instructed himself on the law of the case. There was no error. Accordingly the **report is dismissed.**