LAURA HUARD & another[1] *vs.* EASTERN STATES EXPOSITION. January 4, 1972. This is an action of tort for bodily injuries and consequential damages resulting from a fall caused by a defective sidewalk on premises owned and controlled by the State of Connecticut within the defendant's fairgrounds. The case was transferred to a District Court, and the Appellate Division dismissed a report after a finding for the defendant. The case was then retransferred to the Superior Court and tried without a jury on the draft report as a statement of agreed facts. The judge found that the plaintiff wife bought a ticket from the defendant entitling her to visit the premises in question, and that there was no evidence that she was told or should have inferred that the premises were not in the defendant's control. The defendant's exceptions were specifically directed to the judge's rulings on control. In view of the scope of the invitation embodied in the ticket, control was unnecessary. There was no error. *Barron* v. *McLellan Stores Co.* 310 Mass. 778, 783–784. *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11, 12–13. *Collins* v. *Croteau,* 322 Mass. 291, 294. Compare *Sherman* v. *Texas Co.* 340 Mass. 606, 608–609; *Buck* v. *Clauson's Inn at Coonamessett, Inc.* 349 Mass. 612, 615. See Restatement 2d: Torts, § 415 and comment b.

*Exceptions overruled.*

The case was submitted on briefs.
*Samuel A. Marsella* for the defendant.
*John Flynn, Jr.,* for the plaintiffs.