Aguiar, J.
This appeal raises the issue of whether the trial judge erred in dismissing Count II by finding that there is no general implied contractual duty to keep exterior premises in a reasonably safe condition where there is a contract for the sale and purchase of food.
We find there was no error.
This is an action of contract and tort in which the plaintiff seeks to recover compensation based upon a slip and fall on ice as she returned to her car in the parking lot of a restaurant in which she had just purchased take-out food. It is alleged that the ice was insufficiently cleared from the parking lot owned by the defendant.
Count II alleges the existence of an implied covenant in a contract for the purchase of take-out food which establishes upon the seller of the food: (1) a duty to keep premises in a reasonabLy safe condition for its patrons and (2) a duty to protect a patron from the negligent acts of its employees, agents and servants.
The Court found for the defendant and dismissed Count II of the Complaint.
The Court found the following: “Ct. allows Defendant’s motion to the extent that Count II does not lie and is stricken — Ct. ruling that Defendant’s duty lies in tort and not in contract for maintenance of exterior areas.”
The plaintiff claiming to be aggrieved by the ruling of this Court in favor of defendant’s motion to dismiss under Count II, requests appellate review of this interlocutory order in that the entire case may be rendered moot if Count II remains dismissed.
The plaintiff argues that a patron who registers at a hotel contracts with that establishment and that there is an implied covenant pertaining to the safety of the patrons on the occupied premises attaches to the contract. Tatro v. Manor Case, Inc., 416 Mass. 763, 770 (1994) and Marino v. Hyatt Corp., 793 F. 2d 427, 428-430 (1st Cir. 1986).
The plaintiff also cited Barros v. McLellan Stores Co., 310 Mass. 778 39 N.E. 2d 953 (1942) which was a suit to recover for personal injuries from the defendant store when an independent concessionaire occupying part of the store negligently opened a can of beans injuring the plaintiff. The defendant conceded that there was an invitation to the plaintiff to enter the store. The Court said that “by virtue of the purchase of the food a contractual relationship arose between the Plaintiffs and the Defendant. The Defendant owed the Plaintiffs, as customers of the luncheonette, in the circumstances, something more than a mere duty to see that they were not injured by eating the food. It owed them the duty also to see that, while as an incident to the contract, they were consuming the food, they were not injured by *116 the negligent acts of the employees of the luncheonette.”
We find that the cases cited by the plaintiff are not applicable to the case at hand. The implied covenant mentioned in the two hotel cases pertaining to the safety of the hotel patrons was on the occupied premises — not on exterior areas and did not pertain to the sale of food and further, that in thtMarino case the statement by the Court was also dicta.
We find that the Barron case cited by the plaintiff was also not applicable to the case at hand. In the case at hand the plaintiff was not consuming the food when she was injured and the injury occurred in exterior areas — not directly an the premises. We find that Count II was properly dismissed because there is no general implied contractual duty to keep exterior premises in a reasonably safe condition where there is a contract for the sale and purchase of food.
Count I pertains to a tort claim. Plaintiff states that this count will most probably be challenged by the defendant on the basis that the defendant will not be liable for any natural accumulation of ice in the parking lot. Count II seeks to establish liability of a store owner for an icy parking lot under an implied covenant to a contract to purchase take-out food where plaintiff contends that the “natural accumulation” theory would not apply.
There is no general implied duty to keep premises in a reasonably safe condition where there is a contract for the sale and purchase of food.
The sale of food is controlled by M.G.L.C. 106, §2-102 et seq.
There is no provision under that statute for implied covenant of reasonably safe condition.
For all of the above reasons we find there was no error, the appeal is dismissed and the matter returned to the trial court for disposition of Count I.