■ DIANNE DEWITT, Respondent, v KENNETH POOVEY et al., Appellants. [976 NYS2d 30]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 23, 2013, which denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of dismissing the claims for negligent hiring/supervision and direct negligence against both defendants, and otherwise affirmed, without costs.

Applying New York's choice-of-law rules, Massachusetts law applies to this negligence action for personal injuries allegedly sustained in Massachusetts when plaintiff fell off of a rubber inflatable boat while it was being towed by a motor boat. Massachusetts has the greatest interest in regulating tortious conduct within its borders (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521-523 [1994]).

The negligent hiring/supervision claims should have been dismissed. Even assuming, without deciding, that the motorboat operator hired by defendant Kenneth Poovey was an employee, and not an independent contractor, he was retained for a private party at a private residence that was attended by invited guests. Under Massachusetts law which provides that employers have a duty to exercise reasonable care in the selection, supervision, and retention of "employees [who] are brought in contact with

members of the public," defendants cannot be held liable (*see Foster v Loft, Inc.*, 26 Mass App Ct 289, 290-291, 526 NE2d 1309, 1310-1311 [1988]).

Defendants also cannot be held liable for direct negligence under Massachusetts law. Although owners and operators of motorboats have a duty to ensure that the motorboat is operated in a reasonably safe manner (*see Magarian v Hawkins*, 321 F3d 235, 238 [1st Cir 2003]), it is undisputed that Kenneth, the sole owner of the motorboat, was not present on the date of the accident and that he hired an experienced boat operator who had safely operated his boat in the past. Thus, construing the evidence in a light most favorable to plaintiff (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 105 [2006]), there is no support in the record for finding that Kenneth breached the duty he owed to plaintiff. Further, the claim for direct negligence against defendant Anne Poovey must be dismissed because she neither owned nor operated the motorboat.

However, as the motion court properly determined, there is a question of fact as to whether Kenneth is vicariously liable, under the doctrine of respondent superior, for the operator's alleged negligence. We note that on this record we cannot determine the extent, if any, of Kenneth's right to control the operator (*see Peters v Haymarket Leasing, Inc.*, 64 Mass App Ct 767, 772-774, 835 NE2d 628, 633-634 [2005]).

There is also a question of fact as to whether Anne may be held vicariously liable for the operator's alleged negligence under the doctrine of agency by estoppel, or ostensible agency (*see Barron v McLellan Stores Co.*, 310 Mass 778, 782-783, 39 NE2d 953, 954-955 [1942]). Concur—Gonzalez, P.J., Tom, Renwick, Freedman and Clark, JJ.